I, Maximilian Fox, being duly sworn, hereby depose and say:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), Boston Division, assigned to the Worcester Resident Agency. I have been employed by the FBI for approximately five years as a Special Agent and have been assigned to the FBI Joint Terrorism Task Force ("JTTF") for the last year.

2. I submit this Affidavit in support of a Complaint charging Joseph Garguilo ("Garguilo") with one count of being a prohibited person in possession of ammunition, in violation of 18 U.S.C. §922(g)(8).

3. Title 18, Section 922(g) provides, in pertinent part:

   > It shall be unlawful for any person…
   > (8) who is subject to a court order that—
   >    (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
   >    (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
   >    (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; …
   > to possess in or affecting commerce, any firearm or ammunition … which has been shipped or transported in interstate or foreign commerce.

4. On August 26, 2016, federal agents and local authorities executed a federal search warrant issued by Judge Timothy S. Hillman authorizing the search of Garguilo's residence in Holliston, Massachusetts, for contraband and evidence of a crime, fruits of a crime, and instrumentalities of violations of: (1) 18 U.S.C. § 844(i), malicious destruction of property; (2) 18 U.S.C § 247(a), destruction of religious property; and (3) 18 U.S.C. §922, felon or other prohibited person in possession of a firearm or ammunition.

5. A redacted copy of the August 26, 2016 Affidavit in Support of that warrant is attached hereto and incorporated by reference herein as <u>Exhibit 1</u>.

6. The search was executed on August 26, 2016.  Agents found, among other things and as detailed more fully below: ammunition; parts to assemble AR-15 rifles; chemicals that could be combined to create incendiary and/or explosive compounds; and materials threatening the commission of violent attacks against members of the Islamic faith.

7. Because this affidavit is submitted for the limited purpose of securing a criminal Complaint, I have not included each and every fact known to me concerning this investigation.  Instead, I have set forth only the facts that I believe are necessary to establish the necessary foundation for the requested Complaint.

## **Garguilo is a Prohibited Person**

8. As detailed in <u>Exhibit 1</u>, Garguilo is the subject of an active restraining Order issued under M.G.L. c. 209A, by the Wrentham District Court (Docket #1657RO132) that is in effect until July of 2017 and which has been in effect since June 1, 2016.

9. Massachusetts General Laws Chapter 209A allows for the entry of restraining orders to "[a] person suffering from abuse from an adult or minor family or household member…" G.L. c 209A, §3.

10. The records of the Wrentham District Court reveal that a temporary restraining order issued on or about June 1, 2016, and that on or about June 10, 2016 and on or about June 20, 2016, Garguilo requested continuances of those proceedings so that counsel could appear on his behalf.

11. On or about July 20, 2016, the defendant appeared and after a hearing at which both the Plaintiff and Garguilo were present, the restraining order was extended to July 20, 2017.[1]

12. The Order requires, among other things, that Garguilo surrender all firearms and ammunition to local Police and prohibits Garguilo from possessing firearms or ammunition based upon a finding that "there is a substantial likelihood of immediate danger of abuse…" and the Order further directs that Garguilo is Ordered "not to abuse the Plaintiff, by harming, threatening or attempting to harm the Plaintiff physically or by placing the Plaintiff [in] fear of imminent serious physical harm…." Garguilo is further Ordered to stay away from the Plaintiff's residence and workplace.

13. On each continuance date, the Order specifically provided, "[f]irearm surrender order continued. The items surrendered under paragraph 12[2] will NOT be returned since doing so would present a likelihood of abuse to the Plaintiff."

14. Garguilo has no FID card and no Massachusetts license to carry.

## Items Recovered From Residence

15. Among the items recovered during the search were six magazines containing an unspecified number of rounds of 5.56 ammunition and one plastic ammunition can of 5.56 ammunition. According to the label on the ammunition can, the can contains 120 rounds of 5.56 ammunition.

---

[1] There appears to be a pending motion to reconsider in which Garguilo alleges that he did not have sufficient opportunity to address the Court in prior hearings.

[2] Paragraph 12 refers to the original June 1, 2016 Order directing the surrender of firearms and ammunition and prohibiting Garguilo from possessing firearms and ammunition based upon a finding that "there is a substantial likelihood of immediate danger of abuse…"

16. One of the magazines was labeled "PMAG30". The "PMAG 30" is manufactured by Mag Pul and, according to Mag Pul's website is designed for use with AR-15 or M-4 rifles.

17. The 5.56 caliber ammunition is designed to be fired by the AR-15 rifle.

18. The 5.56 ammunition is stamped "LC." "LC" ammunition is manufactured by "Lake City Ammunition Plant" in Independence, Missouri.

19. Also among the items recovered during the search were 4 magazines containing 9 mm rounds of ammunition and at least 30 rounds of loose 9 mm ammunition.

20. The 9 mm ammunition is stamped "Blazer Luger." "Blazer Luger" ammunition is manufactured by "Blazer Ammunition" in Lewiston, Idaho.

21. Agents also found AR-15 parts that could be used to assemble an AR-15 rifle.

22. Agents also recovered quantities of aluminum powder, ammonium nitrate, and iron oxide. These materials can be used to create explosives and incendiaries.

23. Finally, agents also recovered handwritten notes threatening violence against members of the Islamic religion.

**Conclusion**

24. Based upon the foregoing, I submit that there is probable cause to believe that Joseph Garguilo has committed the offense of being a prohibited person in possession of ammunition, in violation of 18 U.S.C. §922(g)(8).

WHEREFORE your affiant requests that the attached Complaint be issued.

/s/ Maximilian Fox
_____
Special Agent Maximilian Fox
Federal Bureau of Investigation

Sworn and subscribed to before me by telephone pursuant to Fed.R.Crim.P. 4.1 this 28th day of August, 2016.

*Page Kelley*
_____
Honorable Page M. Kelley
United States Magistrate Judge

